# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Edward Laminack, <br><br> Plaintiff, <br><br> v. <br><br> Admin Recovery LLC, <br><br> Defendant(s). | **COMPLAINT** |

Plaintiff EDWARD LAMINACK, by and through his attorneys, Law Offices of Stuart Werbin, complaining of the Defendant, hereby alleges as follows:

1. This is an action for damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter the "FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## JURISDICTION AND VENUE

2. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343. Venue is properly in this Court under 28 U.S.C. §§ (b)(2) and (b)(3), because a substantial part of the events giving rise to the claim occurred in this judicial district, and Defendant is subject to this Court's personal jurisdiction with respect to this action.

## PARTIES

3. Plaintiff, Edward Laminack, is an adult residing in Sanford, NC.

4. Defendant Admin Recovery LLC is a business entity regularly engaged in the business of collecting debts in this State with its principal place of business located at 45 Earhart Dr., Suite 102, Williamsville, NY 14221. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

## FACTUAL ALLEGATIONS

7. Defendant Admin Recovery LLC attempted to collect a debt allegedly owed by Plaintiff relating to consumer purchases allegedly owed to TD Bank N.A.

8. The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes and falls within the definition of "debt" for purposes of 15 U.S.C. § 1692a(5).

9. Defendant sent Plaintiff an initial validation letter dated June 2, 2017. This letter is attached as Exhibit A.

10. This letter fails to identify the current creditor to whom the debt is owed, in violation of the FDCPA.

11. This letter references the "Original Creditor" as TD Bank N.A. Nowhere in the letter is the current creditor identified, nor ACS's relationship to the current creditor. As such, Defendant has violated 15 U.S.C. 1692g(a)(2).

12. This letter sets forth the "Account Balance". However, the letter fails to disclose whether this amount may increase due to additional interest or late fees.

13. The letter fails to include any "safe harbor" language concerning the accrual of interest and/or fees. *Avila v. Riexinger & Associates*, *LLC*, 817 F.3d 72, 76 (2d Cir. 2016).

14. Thus, the least sophisticated consumer would be unable to determine the amount of the debt because the consumer would not know whether interest and/or fees would continue to accrue.

15. For these reasons, Defendant failed to clearly state the amount of the debt, in violation of 15 U.S.C. 1692g(a)(1).

16. Defendant knew or should have known that its actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with said laws.

17. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

18. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

19. As a result of Defendant's conduct, Plaintiff has sustained actual damages including, but not limited to, emotional and mental pain and anguish.

## CLAIMS FOR RELIEF
(Fair Debt Collection Practices Act)

20. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 19 herein.

21. The above contacts between Defendant and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

22. Defendant violated provisions of the FDCPA, including, but not limited to, the following:

23. The FDCPA 15 U.S.C. § 1692g(a)(1) requires that a validation notice clearly state the amount of the debt. § 1692g(a)(2) requires that a validation notice clearly identify the name of the creditor to whom the debt is owed. Defendant's initial validation notice to Plaintiff fails to identify the amount of the debt or the current creditor, in violation of the FDCPA.

24. The FDCPA 15 U.S.C. § 1692e prohibits any false, deceptive, or misleading representation or means in connection with the collection of any debt. Defendant's initial validation notice to Plaintiff fails to clearly and accurately identify the amount of the debt or the creditor to whom the debt is owed, in violation of § 1692e.

25. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages which can be up to $1,000.00, attorney's fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment in the sum of $10,000.00 be entered against Defendant as follows:

(a) That judgment be entered against Defendant for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

(b) That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(c) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

(d) That the Court grant such other and further relief as may be just and proper.

Dated: July 11, 2017

**Law Offices of Stuart Werbin**

By: /s/ *Stuart D. Werbin*
    Stuart D. Werbin, Esq.
    1615 Avenue I, Ste. 519
    Brooklyn, NY 11230
    Tel (646) 942-7464
    Fax (347) 710-1015
    swerbin@werbinlaw.com
    *Attorneys for Plaintiff*